IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:19CR65** |
| vs. | |
| | **MEMORANDUM AND ORDER** |
| JOSE MENA-VALDEZ, | |
| Defendant. | |

This matter comes before the Court on Defendant's, Jose Mena-Valdez's, motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Filing No. 105. For the reasons set forth herein, the Court concludes the motion must be dismissed on initial review.

I.     BACKGROUND

On October 30, 2018, Omaha police officers stopped a vehicle that did not have visible license plates and failed to properly signal its turn. Filing No. 93 at 29. Mena-Valdez was driving the vehicle, and there were two passengers. *Id.* at 30. Officers smelled alcohol coming from Mena-Valdez and observed a red Solo cup with alcohol in the center console. *Id.* at 32. Officers then searched the vehicle and located a bag containing methamphetamine on the passenger floorboard, a gun between the passenger seat and center console, and approximately $650 in Mena-Valdez's pocket. *Id.* at 34, 55–56.

Mena-Valdez was charged with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1) and possession of a

1

firearm in connection with a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). Filing No. 1. A jury found Mena-Valdez guilty, and the Court sentenced him to the statutory minimum of sixty months on each count to run consecutively. Filing No. 74; Filing No. 95 at 10.

Mena-Valdez appealed, arguing the district court had erred by not suppressing the evidence (methamphetamine and firearm) located as a result of the search of his vehicle. Filing No. 98 at 2. He argued there was no probable cause or reasonable suspicion to stop his vehicle and there was no probable cause to search his car. Id. at 2. The Eighth Circuit Court of Appeals affirmed the denial of his motion to suppress. Id. at 3. It noted there was probable cause[1] to stop the vehicle because its temporary-tag license plates were expired and not visible through the tinted windows and Mena-Valdez failed to properly signal a turn. Id. at 2. The Eighth Circuit also affirmed the district court's determination that officers properly conducted a warrantless search of the vehicle pursuant to the automobile exception because upon stopping the vehicle, they smelled alcohol, found a cup with alcohol in it, and then searched for further evidence of this open-container violation. Id. at 3.

II.     ANALYSIS

Mena-Valdez now files a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence based on the alleged ineffective assistance of his trial and appellate counsel.

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is

---

[1] Mena-Valdez's attorney conceded there was probable cause to stop his vehicle during the motion to suppress hearing. Filing No. 39 at 39.

2

otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

Under the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

Mena-Valdez alleges six grounds of ineffective assistance of counsel. *See generally* Filing No. 109. Claims of ineffective assistance of counsel require a showing "(1) that [the] attorney's performance was deficient, falling below professional standards of competence; and (2) that the deficient performance prejudiced [the] defense." *Blankenship v. United States*, 159 F.3d 336, 338 (8th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "In assessing counsel's performance, courts defer to reasonable trial strategies and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). A showing of prejudice requires a determination by the court that "there is a reasonable probability [sufficient to undermine confidence in the outcome] that, but for counsel's unprofessional errors, the result of the proceeding would have been

3

different." *Id.* (quoting *Strickland*, 466 U.S. at 694). The burden of proving ineffective assistance of counsel rests with the defendant. *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)).

As a preliminary matter, Mena-Valdez's sixth ground for relief is his counsel's failure to raise the other alleged instances of ineffective assistance of counsel on direct appeal. Because Mena-Valdez had the same appointed attorney for both his trial and appeal, the present habeas motion is the earliest time at which Mena-Valdez, now pro se, could reasonably raise these issues. Thus, to the extent any of Mena-Valdez's ineffective-assistance arguments are meritorious, the Court agrees he has not waived them by failing to raise them on direct appeal. The remaining five claims of ineffective of assistance of counsel are: (1) failing to move for a judgment of acquittal based on the constructive amendment of the indictment; (2) failing to move for a judgment of acquittal based on lack of evidence of an intent to distribute; (3) failing to move for a judgment of acquittal based on the lack of evidence of possessing or carrying a firearm in furtherance of a drug-trafficking crime; (4) failing to properly litigate the Fourth Amendment suppression issue; and (5) failing to move for dismissal based on a statutory speedy trial violation. The Court conducts its initial review of these claims in turn.

**A. Constructive Amendment of the Indictment**

Mena-Valdez first argues his counsel was ineffective for failing to move for a judgment of acquittal under Fed. R. Crim. P. 29 based on the United States charging Mena-Valdez with possessing a "mixture of methamphetamine" but presenting evidence of "actual methamphetamine" (i.e., higher purity methamphetamine) at trial. Filing No.

4

109 at 5. Mena-Valdez argues this constituted a constructive amendment of the indictment and had his counsel moved for an acquittal, it would have been granted.

As an initial matter, Mena-Valdez takes issue with his counsel failing to move for a judgment of acquittal under Fed. R. Crim. P. 29. But the evidence shows that his attorney did make a motion under Rule 29. Rule 29 provides, in relevant part:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

Fed. R. Crim. P. 29(a).

At the close of the Government's case, Mena-Valdez's attorney stated, "I have a motion to dismiss." Filing No. 94 at 86. His attorney then went on to argue the evidence was insufficient to support a conviction for possession with intent to distribute because there was no proof Mena-Valdez was intending to sell the drugs as opposed to keeping them for his personal use. Id. at 87. He also argued there was no evidence Mena-Valdez "was using this gun to further distribute methamphetamine." Id. at 86.

Although counsel used the term "dismiss" instead of "judgment of acquittal," it is apparent that he was making a motion under Rule 29 by arguing the evidence presented was "insufficient to sustain a conviction" for either the drug or firearm count.[2] Fed. R. Crim. P. 29(a) (referring to a motion made when "the evidence is insufficient to sustain a conviction"). Therefore, Mena-Valdez is incorrect that his attorney was ineffective for failing to make a Fed. R. Crim. P. 29 motion. However, because his attorney did not base

---

[2] Indeed, the terminology for a Rule 29 motion has not remained static over time; the rule previously referred to a "motion for directed verdict." Fed. R. Crim. P. 29, Advisory Committee Note to Subdivision(a).

the motion on the supposed constructive amendment of the indictment as Mena-Valdez now argues, the Court will address that argument further.

Mena-Valdez was indicted for possessing with intent to distribute "50 grams or more of a mixture of substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers" in violation of 21 U.S.C. § 841(a)(1) &(b)(1). Filing No. 1 at 1. The pertinent statutory subsection provides that for a violation involving

> 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . ..

21 U.S.C. § 841(b)(1)(B)(viii).

In contrast, subsection (b)(1)(A)(viii) pertains to possessing with intent to distribute "50 grams or more of methamphetamine . . . or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine" and provides a higher penalty of "not . . . less than 10 years or more than life." 21 U.S.C. § 841(b)(1)(A)(viii).

At trial, the United States presented evidence that the substance found in Mena-Valdez's possession was 50 grams or more of methamphetamine of a high purity level: "94 plus or minus 5 percent." Filing No. 94 at 35. Mena-Valdez argues that because the government presented evidence of actual methamphetamine as opposed to a mixture of methamphetamine, it essentially amended the indictment from being for possession with intent to distribute 50 grams of a *mixture* of methamphetamine, the penalty for which would be five to forty years, to being for possession with intent to distribute 50 grams of actual methamphetamine, the penalty for which would be ten years to life. *Compare* 21

U.S.C. § 841(b)(1)(B)(viii) (penalty for 50 grams or more of a mixture of methamphetamine), *with* 21 U.S.C. § 841(b)(1)(A)(viii) (penalty for 50 grams of actual methamphetamine).

"A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner . . . that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." *United States v. Shavers*, 955 F.3d 685, 694 (8th Cir. 2020) (quoting *United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007)). A constructive amendment to an indictment implicates a defendant's grand jury right under the Fifth Amendment. *Id.* (citing *United States v. Jarrett*, 684 F.3d 800, 802 (8th Cir. 2012)).

Mena-Valdez can show neither ineffectiveness nor prejudice from his counsel's failure to move for a judgment of acquittal based on the supposed constructive amendment of the indictment. Mena-Valdez argues the indictment must have been constructively amended because the jury could not have found him guilty of the charged offense (possession of a mixture of methamphetamine) beyond a reasonable doubt. Filing No. 109 at 5–6. This argument is not based in sound logic; the government presenting evidence that the substance was a high-purity methamphetamine did not preclude the jury from finding Mena-Valdez guilty of possessing a lower-purity methamphetamine mixture.

Mena-Valdez also argues the indictment was constructively amended because, by presenting evidence of a higher purity substance, the government increase the penalty he faced. Filing No. 109 at 6. This is also demonstrably untrue. At sentencing, the Court stated it would, "sentence him to the mandatory minimum for both." Filing No. 95 at 10.

7

The Court then imposed a sentence of five years for Count I, possession with intent to distribute. Five years is the mandatory minimum sentence for possession with intent to distribute 50 grams or more of a *mixture* or substance containing a detectable amount of methamphetamine, the subsection under which Mena-Valdez was charged in the indictment. *See* Filing No. 1; 21 U.S.C. § 841(b)(1)(B)(viii). In contrast, had the indictment been constructively amended to charge Mena-Valdez with possession with intent to distribute 50 grams of actual methamphetamine, the mandatory minimum would have been ten years, not five years. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Thus, because the Court imposed a sentence plainly based on the statutory section with which Mena-Valdez was charged in the indictment, there was no constructive amendment of the indictment, and he cannot show prejudice from his counsel's failure to move for a judgment of acquittal on this ground.

### B. Evidence of Intent to Distribute

Mena-Valdez next argues that his counsel was ineffective for failing to move for a judgment of acquittal based on a lack of evidence to prove the element of "intent to distribute." Filing No. 109 at 7. Mena-Valdez argues that the evidence showed the methamphetamine was solely for personal use. *Id.* at 7–8.

Mena-Valdez's argument fails on both the deficiency and prejudice prongs of the ineffective-assistance inquiry. First, as noted above, Mena-Valdez's counsel did make a motion under Rule 29 despite not using the phrase "judgment of acquittal." Filing No. 94 at 86. The basis of his attorney's Rule 29 argument was that the "large amount of cash [and] large amount of . . . meth" alone was not enough to demonstrate distribution as opposed to personal possession. *Id.* at 85–86. Thus, Mena-Valdez's argument that his

8

attorney performed deficiently is without merit; his counsel did, in fact, make the motion Mena-Valdez argues was lacking.

Mena-Valdez also cannot show prejudice. "A large quantity of drugs, standing alone, is sufficient evidence of . . . intent to distribute." *United States v. Serrano-Lopez*, 366 F.3d 628, 635 (8th Cir. 2004) (citing *United States v. Ojeda*, 23 F.3d 1473, 1476 (8th Cir. 1994)). Here, there was evidence Mena-Valdez possessed 202.63 grams of methamphetamine in total. Filing No. 94 at 31. An officer in the narcotics unit testified that a typical user amount would be a gram or less. *Id.* at 45. This was sufficient evidence by which the jury could find beyond a reasonable doubt that Mena-Valdez possessed the substance with an intent to distribute it. *Cf. United States v. Schubel*, 912 F.2d 952, 956 (8th Cir. 1990) (inferring an intent to distribute and calling the quantity of methamphetamine "substantial" where one container held 46.6 grams and other packages totaled 3.3 grams of methamphetamine). Additionally, the substance's high purity level and the presence of a gun are also elements which the jury could have considered in finding the distribution element beyond a reasonable doubt. *See United States v. McClellon*, 578 F.3d 846, 855 (8th Cir. 2009) ("For example, we have held that the drugs' purity level, or the presence of cash, drug paraphernalia, firearms, and other evidence of drug-dealing, are all factors that can support an inference of intent to distribute." (quoting *United States v. Stephens*, 23 F.3d 553, 557 (D.C. Cir. 1994)); *United States v. Dawson*, 128 F.3d 675, 677 (8th Cir. 1997) ("This Court has set forth factors from which an intent to distribute a controlled substance may be inferred. Most significant is the presence of a firearm."). Accordingly, Mena-Valdez's claim of ineffective assistance of counsel is without merit.

**C. Use of a Firearm in Furtherance of a Drug-Trafficking Crime**

Mena-Valdez's third claim of ineffective assistance of counsel is that his attorney failed to properly litigate Count II, use of a fireman in furtherance of a drug-trafficking crime. Filing No. 109 at 10. Specifically, Mena-Valdez argues his attorney "failed to move for a judgement [sic] of acquittal based on insufficient evidence." *Id.* He argues there was no evidence of a predicate drug-trafficking crime, no evidence he possessed the gun because "[t]he government . . . did not prove that [he] was the owner of the gun or that he had his fingerprints on the firearm," and no evidence any possession of the gun was "in furtherance" of the drug crime. *Id.* at 10–11.

> The statute under which Mena-Valdez was charged in Count II provides:
>
> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A).

First, as set forth above, Mena-Valdez's attorney did move for a judgment of acquittal under Rule 29 and argued there was insufficient evidence by which the jury could find Mena-Valdez guilty of either count. Thus, his argument that his counsel failed to make a pertinent Rule 29 is not founded in fact. Mena-Valdez's counsel primarily argued for acquittal of the firearm count based on the lack of a predicate drug offense. As set forth above, the argument that the Court should have entered a judgment of acquittal on the drug count is without merit; it follows that Mena-Valdez's argument that there was no predicate drug offense for the firearm count is also without merit.

10

Mena-Valdez's claim that there was no evidence of possession of the firearm is also baseless. "Possession" of a firearm can be either actual or constructive. *United States v. Ellis*, 817 F.3d 570, 576 (8th Cir. 2016). A defendant may be in constructive possession of a firearm if he has "dominion and control" over the firearm itself or over the premises in which the firearm was located. *Id.* (citing *United States v. Maloney*, 466 F.3d 663, 666–67 (8th Cir. 2006)). The Eighth Circuit has held "that a defendant's dominion and control over a vehicle may indicate knowledge of the vehicle's contents." *Id.* (citing *United States v. Parker*, 587 F.3d 871, 881 (8th Cir. 2009)). Here, the evidence at trial was that Mena-Valdez was the driver of the vehicle in which the firearm was found. Filing No. 93 at 31. This was sufficient evidence by which the jury could find Mena-Valdez constructively possessed the firearm.

Finally, contrary to Mena-Valdez's argument, there was also sufficient evidence the firearm was used in furtherance of or in relation to a drug-trafficking crime. "[A] jury can draw th[e] inference [of use in furtherance of a drug-trafficking offense] 'if the firearm is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking.'" *United States v. White*, 962 F.3d 1052, 1056 (8th Cir. 2020) (quoting *United States v. McDaniel*, 838 F.3d 955, 957 (8th Cir. 2016)). Here, the evidence was that the gun was found in the vehicle, near where the drugs were located, and an officer in the narcotics unit testified that firearms are often used in conjunction with drug distribution. Filing No. 94 at 54. This was sufficient evidence by which the jury could find Mena-Valdez guilty of count II. Accordingly, Mena-Valdez's claim of ineffective assistance of counsel as to the firearm count is without merit.

### D. Fourth Amendment

Next, Mena-Valdez argues his counsel was ineffective for failing to effectively litigate the Fourth Amendment claim relating to the search of his car. Filing No. 109 at 12–14.

Mena-Valdez's claim fails on both the deficiency and prejudice prongs. As to ineffective performance, Mena-Valdez's counsel extensively litigated this issue, including by filing a motion to suppress, arguing the issue at trial, and filing a direct appeal. Mena-Valdez does not point to any specific failure or deficiency in counsel's arguments in this regard, but instead rehashes the same issues his attorney raised before both the district and appellate courts. Thus, there is no evidence Mena-Valdez's attorney acted ineffectively in litigating this issue.

Likewise, as to prejudice, Mena-Valdez argues the evidence against him should have been suppressed because "while the officer had probable cause to conduct [a] search of the evidence or contraband as it relates to the 'open container violation', the officers, however, did not have probable cause to search for evidence of methamphetamine and the gun found in the car." Filing No. 109 at 14. As the Eighth Circuit explained in rejecting this argument, officers had probable cause to search Mena-Valdez's car for evidence of the open-container violation after smelling alcohol on him and observing a cup with liquor in it in the center console. Filing No. 98 at 3. The fact officers then located the methamphetamine and firearm does not make the search illegal. *Id.* Accordingly, Mena-Valdez's claim of ineffective assistance of counsel as to the Fourth Amendment issue is without merit.

12

**E. Speedy Trial Act**

Mena-Valdez's final contention is that his counsel was ineffective for failing to litigate the timeliness of his indictment. Filing No. 109 at 15–17. Specifically, Mena-Valdez argues his counsel erred by failing to move to dismiss the indictment on the basis that it was filed more than thirty days after his arrest in violation of the federal Speedy Trial Act. *Id.* at 16.

The Speedy Trial Act provides that a federal indictment must be filed "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The defendant has the burden of proof to support a motion to dismiss for violation of the Act, "with the exception of the exclusion of time under 18 U.S.C. § 3161(h)(3) concerning the unavailability of the defendant or an essential witness." *United States v. Aldaco*, 477 F.3d 1008, 1017 (8th Cir. 2007) (citing 18 U.S.C. § 3162(a)(2)). However, "[o]nly a federal arrest, not a state arrest, triggers § 3161(b)." *United States v. Beede*, 974 F.2d 948, 950 (8th Cir. 1992). "It is an 'undisputed rule that a state arrest does not trigger the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense.'" *Id.* at 950–51 (quoting *United States v. Mills*, 964 F.2d 1186, 1189–90 (D.C. Cir. 1992) (en banc)).

Here, although Mena-Valdez was arrested by state officials on October 30, 2018, the date his vehicle was stopped, Filing No. 93 at 28, he was not arrested for purposes of the federal Speedy Trial Act until February 21, 2019, the date the federal arrest warrant was issued, Filing No. 4. The indictment was filed the same day. Filing No. 1.

Accordingly, Mena-Valdez's statutory[3] speedy trial rights were not violated, and his counsel was not ineffective for failing to so argue.

### F. Certificate of Appealability

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a 28 U.S.C. § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c).  *Jones v. Delo*, 258 F.3d 893, 900–01 (8th Cir. 2001).  The court may grant a certificate of appealability only where the movant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   The movant must show "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  Mena-Valdez has failed to show that reasonable jurists would find the claims raised in his § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings.  The Court therefore declines to issue a certificate of appealability in this case based on the lack of a substantial showing of the denial of a constitutional right.

### III.   CONCLUSION

For the reasons set forth herein, the Court concludes it plainly appears from Mena-Valdez's motion and the record of prior proceedings show that he is not entitled to relief under 28 U.S.C. § 2255.  Accordingly, the motion is dismissed on initial review.

IT IS ORDERED:

---

[3] Mena-Valdez does not make a constitutional speedy trial argument.

1. The defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, Filing No. 105, is denied.

2. No certificate of appealability will issue.

3. The Court will enter a separate judgment.

Dated this 24th day of August, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge