IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSE MENA-VALDEZ,

Defendant.

**8:19CR65**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's, Jose Mena-Valdez's, motion for relief from judgment. Filing No. 120. For the reasons set forth herein, the Court denies the motion.

The Court previously denied on initial review Mena-Valdez's motion under 28 U.S.C. § 2255 because it plainly appeared from the brief and record that he was not entitled to habeas corpus relief on his various ineffective-assistance-of-counsel claims. Filing No. 110. Mena-Valdez now moves the Court to reconsider its order dismissing his § 2255 petition, arguing the Court applied an incorrect legal standard in finding no ineffective assistance of counsel based on failure to object to constructive amendment of the indictment. Filing No. 120 at 6–7.

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Mena-Valdez claims the Court applied an incorrect legal standard in analyzing his constructive-amendment claim. He takes issue with the Court focusing on the fact that he was sentenced to the correct (lesser) mandatory minimum sentence applicable to the original crime of indictment (possession of a mixture of methamphetamine) rather than the higher mandatory minimum that would have applied to a charge of possession of pure methamphetamine. He argues that because a claim of constructive amendment requires no showing of prejudice, the Court's emphasis on the ultimate sentence imposed was misplaced. Filing No. 120 at 6. Mena-Valdez himself directed the focus of this argument to the sentence by claiming "the government . . . changed the offence [sic] charged . . . from a penalty of between 5 years minimum and 40-year maximum to a penalty of 10 minimum and maximum of life imprisonment." Filing No. 9 at 6. However, Mena-Valdez is correct that a constructive amendment of the indictment is reversible error per se requiring no showing of prejudice. Perhaps the Court could have been clearer in its order by pointing out that Mena-Valdez's argument about constructive amendment was more likely a claim that there was a variance in the evidence.

"The distinction between a constructive amendment and a variance is clear in theory, but often blurred in application." *United States v. Stuckey*, 220 F.3d 976, 981 (8th Cir. 2000). "A constructive amendment, which is reversible error per se, occurs when the

essential elements of the offense set forth in the indictment are [altered, either actually or in effect,] by the prosecutor or the court after the grand jury has passed upon them." *United States v. Novak*, 217 F.3d 566, 574 (8th Cir. 2000) (alterations in original) (quoting *United States v. Emery*, 186 F.3d 921, 927 (8th Cir. 1999)).  By contrast, a variance in the evidence occurs when the evidence presented at trial is different than that in the indictment.  *Id.*  In other words, "a constructive amendment changes the charge, while the evidence remains the same; a variance changes the evidence, while the charge remains the same."  *Stuckey*, 220 F.3d at 981.  "Absent prejudice, the variance is harmless error." *Id.*

Mena-Valdez argued that the evidence at trial was different than that alleged in the indictment.  That is, he claimed the evidence showed the methamphetamine was pure, not merely a mixture as alleged.  This most closely resembles a claim for variance in the evidence, not constructive amendment of the indictment.  Therefore, prejudice would be required, which the Court found to be refuted by the fact it imposed the correct, lesser sentence based on the crime of indictment.

But even setting aside the Court's point about the correct sentence being imposed and the possible confusion over whether Mena-Valdez's claim was actually one for variance in the evidence, relief from judgment would still not be warranted because this was not the sole basis for the Court's ruling.  The Court also determined that although the United States presented evidence that the methamphetamine found in Mena-Valdez's possession was of a high purity level, this did not preclude the jury from finding Mena-Valdez guilty of the crime charged (possessing a lower-purity meth mixture) and therefore no constructive amendment occurred.  Filing No. 110 at 7.

Accordingly, the Court's determination that counsel was not ineffective for failing to move for a judgment of acquittal, whether construed as one based on constructive amendment of the indictment or a variance in the evidence, was not in error.  There is no basis for relief from judgment, and Mena-Valdez's motion is denied.

IT IS ORDERED:

1.  Mena-Valdez's motion for relief from judgment, Filing No. 120, is denied.

2.  The Clerk of Court is directed to send a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 11th day of April, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge